**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
rebekah.guyon@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for Defendant*
*Glasses USA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLASSES USA, INC., a Delaware entity d/b/a/ WWW.GLASSESUSA.COM,<br><br>Defendant. | Case No.   2:24-cv-10987<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d) & 1441(a)**<br><br>Action Filed:   Nov. 20, 2024<br>Service Date:   Nov. 22, 2024 |

**NOTICE OF REMOVAL OF ACTION**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Glasses USA, Inc. ("Defendant" or "Glasses USA"), hereby removes the above-captioned action, *Esparza v. Glasses USA, Inc.*, Case No. 24STCV30648 (the "State Court Action"), from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) and 1441(a). Defendant denies the allegations and relief sought by Plaintiff, and files this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor.

## BACKGROUND

1. On November 20, 2024, Plaintiff Miguel Esparza ("Plaintiff") filed the putative Class Action Complaint for Violation of California Invasion of Privacy Act ("Complaint") in the State Court Action.

2. The Complaint asserts violations of the California Invasion of Privacy Act, California Penal Code Section 638.51 ("CIPA"). (Compl. ¶¶ 35-43). The Complaint purports to bring claims on behalf of Plaintiff and a putative class of "[a]ll California citizens whose personal information was shared with TikTok or other third parties by Defendant without their effective and informed prior consent" by Defendant's alleged deployment of TikTok's "trap and trace software" to obtain the "browser information, geographic information, referral tracking, [ ] URL [Uniform Resource Locator] tracking," "phone numbers and email addresses," as well as "names, passwords and authentication codes" of the visitors to Defendant's website, www.glassesusa.com (the "Website"). Compl. ¶¶ 15-18, 29.

3. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal are true copies of all process, pleadings, and orders received by Defendant when it was served on November 22, 2024 (Exhibit A). For the Court's ease of reference, also attached is the remainder of the state court file (Exhibit B).

## TIMELINESS OF REMOVAL

4. This Notice of Removal is timely because it is filed within 30 days from receipt by Defendant "of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). On November 22, 2024, Defendant was served, by personal service on its registered agent, a copy of the Summons, Civil Case Cover Sheet and Addendum, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations and Orders, Notice of Case Assignment, and Complaint. *See* Ex. A.

5. Defendant reserves its right to assert all defenses provided under Federal Rule of Civil Procedure 12(b) or under applicable state and federal law. Specifically, Defendant reserves its right to contest the Court's and the Superior Court of California's personal jurisdiction over Defendant and specially appears herein and in the State Court Action. *See Maplebrook Townhomes LLC v. Greenbank*, No. 10-CV-03688-LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010) ("[T]he United States Supreme Court has held that a removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction. Therefore, [a defendant] is within its rights to object to personal jurisdiction although it removed this case to federal court." (citing *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278-79 (1896)).

## REMOVAL VENUE

6. The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. Therefore, the United States District Court, Central District of California, is the proper venue for removal. 28 U.S.C. § 1441(a).

## THE CENTRAL DISTRICT OF CALIFORNIA HAS ORIGINAL JURISDICTION OVER THE STATE ACTION PURSUANT TO CAFA

7. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B) ("CAFA"), a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [ ] any member of a class of plaintiffs is a citizen of a

2
NOTICE OF REMOVAL OF ACTION

State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).

8. Contrary to other grounds for removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

9. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, at 43).

10. To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000.00 and, in removal based on diversity, that minimal diversity exists; meaning at least one prospective class member is diverse from at least one defendant. *Dart Cherokee*, 135 S. Ct. at 554-56; *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1031 (C.D. Cal. 2017).

11. This requires only a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a); *Dart Cherokee*, 135 S. Ct. at 553-54.

**A.  *The Diversity Requirement Is Met in this Case.***

12. As noted above, in cases invoking CAFA, minimum diversity exists when at least one class member is diverse from at least one defendant. 28 U.S.C.§ 1332(d)(2)(A).

13. As alleged, Plaintiff is a citizen of California. Compl. ¶ 11.

14. Defendant is a Delaware corporation, with its principal place of business in New York, NY.

15. Therefore, at least one class member, Plaintiff, is diverse from Defendant. 28 U.S.C.§ 1332(d)(2)(A).

16. Minimum diversity therefore exists.

**B.  *The Alleged Class in This Case Has More Than 100 Members.***

17. As noted above, CAFA applies to cases in which the number of members of a proposed class is more than 100. 28 U.S.C. § 1332(d)(5)(B).

18. Plaintiff alleges he "does not know the number of Class Members but believes the number to be in the tens of thousands. The exact identities of Class Members may be ascertained by the records maintained by Defendant." Compl. ¶ 30.

19. While Defendant denies Plaintiff's factual allegations and denies that class treatment is appropriate or permissible, it is indisputable that the size of the purported class, as defined in the Complaint, far exceeds 100 members. Plaintiff defines the class to include "[a]ll California citizens" who visited the Website and whose information was shared with TikTok or other third parties without their consent (Compl. ¶ 29) during the statute of limitations period, *i.e.*, between November 20, 2023, to November 20, 2024 (the day the Complaint was filed and therefore the latest date on which such sharing could be based). *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) ("Under the CIPA, the applicable statute of limitations is one year."). Plaintiff alleges that Defendant "use[d] a trap and trace process on its Website by deploying the TikTok Software on its Website….to identify users of its Website" without "obtain[ing] consent from Plaintiff and class members" which, according to Plaintiff, constitutes a violation of Section 638.51 of CIPA. (Compl. ¶¶ 40-41).

20. The approximate number of visitors to the Website of persons located within California during the statute of limitations period exceeds well beyond 100 persons. According to Internet analytics company Similarweb, traffic to the Website for just the month of November 2024 alone was estimated to be 3.063 million visits, with approximately 96%—or approximately **2.94 million**—of those November 2024 visits coming from the United States. *See* Glassesusa.com Website Traffic Checker, SIMILARWEB.COM, https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/1m?webSource=Total&key=glassesusa.com  (last visited Dec. 17, 2024).

21. Likewise, "California is 12 percent of the United States population." *Silverstein v. Keynetics, Inc.*, No. LA-CV18-04100-JAK, 2018 WL 5795776, at *8 (C.D. Cal. Nov. 5, 2018) (citing Cal. Bus. & Prof. Code § 17529(d)) (emphasis added). That means roughly 12% of the 96% share of Website visits from the United States in just the month of November 2024—*i.e.*, approximately **352,800** visits—were likely to be from Californians.

22. Likewise, Plaintiff's own allegations state he believes "Defendant generates a minimum of *eight percent* of its national sales to Californians[.]" Compl. ¶ 10 (emphasis added). Even if the share of California visits to the Website calculated above was reduced by a factor of ten, this still would come out to 35,280 California visits in November 2024 alone. Even by the most conservative estimates, the class is properly measured in thousands and far exceeds the minimum required under CAFA.

23. Therefore, the alleged class has more than 100 members.

**C.  *The Matter in Controversy Exceeds the Sum or Value of $5,000,000 Exclusive of Interest and Costs.***

24. Without prejudice to Defendant's defenses or conceding the merits of Plaintiff's claims, *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability"), Plaintiff's allegations show that the amount potentially alleged to be in controversy exceeds the jurisdictional amount.

25. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart Cherokee*, 135 S. Ct. at 554).

26. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis*, 627 F.3d at 397). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not

what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability."). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

27.  "A defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages'." *Mortley v. Express Pipe & Supply Co.*, No. SACV 17–1938–JLS–JDE, 2018 WL 708115, at *2 (C.D. Cal. Feb. 5, 2018). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F. Supp. 2d at 1205.

28.  When a plaintiff fails to plead a specific dollar amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

29.  Plaintiff alleges over $5,000,000.00 in controversy. The Complaint seeks statutory damages for violations of Section 638.51 of the California Penal Code based on Defendant's alleged "installation of trap and trace software without a court order." Compl. ¶¶ 27, 42 (citing Cal. Penal Code § 637.2) & Prayer ¶ 2. Section 637.2(a)(1) of the California Penal Code provides: "*Any person* who has been injured by a violation of this chapter may bring an action against the person who committed the violation for *the greater of the following amounts*: (1) *Five thousand dollars ($5,000) per violation*[ ] [or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff." (Emphasis added).

30.     Defendant denies Plaintiff's allegations and that Plaintiff or the putative class have suffered any loss or violation of their statutory rights under the CIPA, and Defendant denies that Plaintiff or the putative class are entitled to any damages or any other relief or recovery. But if Plaintiff's allegations were true, the potential recovery would far exceed $5,000,000. *See Lewis*, 627 F.3d at 400; *Turner v. Northrop Grumman Corp.*, No. CV 23-3756 PA (PDX), 2023 WL 4560998, at *4 (C.D. Cal. July 17, 2023) (denying plaintiff's motion to remand because, *inter alia*, "[t]he amount in controversy 'encompasses all relief a court may grant . . . if the plaintiff is victorious,' and represents 'the maximum recovery the plaintiff could reasonably recover.'") (citation omitted).

31.     As explained, *supra* § B., the number of visitors to the Website within California during the statute of limitations period exceeds far beyond 100 persons and is in the thousands.

32.     Pursuant to Section 637.2(a)(1), each member of the putative class potentially can recover $5,000, so the "maximum recovery" for the putative class collectively exceeds $5,000,000 in statutory damages alone (considering that 1,001 class members times $5,000 in statutory damages exceeds $5,000,000).

33.     Therefore, jurisdiction in the Central District of California is proper under 28 U.S.C. § 1332(d).

## CONCLUSION

34.     For the foregoing reasons, removal pursuant to 28 U.S.C. §§ 1332(d) is proper.

35.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Los Angeles.

36.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel by email and U.S. mail.

37.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by unserved Defendant are being filed with the Court contemporaneously with this Notice of Removal.

38. By filing this Notice of Removal, Defendant does not waive any defenses available under the law.

39. Defendant does not concede that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff or the putative class are entitled to damages, equitable relief, attorneys' fees and costs, or any other form of relief.[1]

THEREFORE, Defendant Glasses USA, Inc. removes this action to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated: December 20, 2024     GREENBERG TRAURIG, LLP

By: */s/Rebekah S. Guyon*
Rebekah S. Guyon
GuyonR@gtlaw.com
*Attorneys for Defendant*
*Glasses USA, Inc.*

---

[1] Defendant reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[e]vidence establishing the [jurisdictional] amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

# PROOF OF SERVICE

I am a citizen of the United States and am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067; Email: sharifih@gtlaw.com.**

On December 20, 2024, I served the **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d) & 1441(a)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **BY PERSONAL SERVICE**: I arranged to have said document(s) hand served.

☐ **(BY OVERNIGHT COURIER)**
I deposited such envelope for collection and delivery by an overnight courier service with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by an overnight courier service. They are deposited with a facility regularly maintained by the overnight courier service for receipt on the same day in the ordinary course of business.

☒ **(BY E-MAIL)**
By transmitting via e-mail the document(s) listed above to the addresses set forth above on this date before 5:00 p.m.  This method of service was made pursuant to the agreement of counsel.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

                                                     */s/ Haleh Sharifi*
                                                     Haleh Sharifi

# SERVICE LIST

Todd M. Friedman, Esq. (SBN 216752)
Adrian R. Bacon, Esq. (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21301 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*